# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTER DIVISION

**BRANDON HURTADO**                                              **PLAINTIFF**
**#94423**

V.                        NO. 4:22-cv-01225-KGB-ERE

**CHANCE PANTHER,** *et al.*                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Kristine G. Baker. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you don't object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**     **Introduction:**

Plaintiff Brandon Hurtado, an inmate at the Pope County Detention Center ("Detention Center"), filed this lawsuit *pro se* under 42 U.S.C. § 1983, complaining about the conditions of his confinement. The Court has screened the complaint as

required by the Prison Litigation Reform Act ("PLRA").[1] For reasons that follow, the Court recommends that the pleading be dismissed, without prejudice, for failure to state a plausible claim for relief.

### III.   Discussion:

####   A.   Standard

To survive screening under the PLRA, Mr. Hurtado's "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief; instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

####   B.   Factual Background

In his complaint, Mr. Hurtado complains that, in November 2022, Defendants

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

denied him the opportunity to shower for 110 hours, or four and a half days. Mr. Hurtado sues Correctional Officer Chance Panther, Sergeant Misty Boze, Corporal Sherry Thomas, and Lieutenant Aaron Swatzel. He seeks monetary relief.

C.   **Analysis**

To plead a plausible Eighth Amendment inhumane conditions of confinement claim, Mr. Hurtado must allege facts demonstrating that: (1) objectively, he suffered an "extreme deprivation" that was "sufficiently serious" enough to deny him "the minimal civilized measure of life's necessities," or to pose "a substantial risk of serious harm" to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, Mr. Hurtado must, at a minimum, allege facts suggesting that Defendants were substantially aware of, but disregarded, an excessive risk to Mr. Hurtado's health or safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

In his complaint, Mr. Hurtado fails to allege that Defendants either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety. Mr. Hurtado's complaint that, for approximately 110 hours, Defendants did not provide him the opportunity to shower falls exceedingly short of alleging that he suffered an extreme deprivation even arguably violating his constitutional rights. See *Abernathy v. Perry*, 869 F.2d 1146, 1149 (8th Cir. 1989) (finding that providing an

inmate with a minimum of two showers per week was not an Eighth Amendment violation); *Jones v. Houston*, 2007 WL 3275125, *8 (D. Neb. 2007) (unpublished opinion) (holding that the denial of showering privileges for thirteen days was not an Eighth Amendment violation). Therefore, Mr. Hurtado has failed to state a plausible constitutional claim for relief against Defendants.

### IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Hurtado's complaint be DISMISSED, without prejudice.

2.   The Court recommend that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g) and certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

3.   The Clerk be instructed to close this case.

Dated this 13th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE